# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2022

Lyle W. Cayce
Clerk

No. 21-20123
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jerrieus Williams,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-266-2

Before Owen, *Chief Judge*, and Smith and Elrod, *Circuit Judges*.

Per Curiam:*

Jerrieus Williams, federal prisoner # 87217-379, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. He contends that the district court erred by relying on U.S.S.G. § 1B1.13, p.s., in

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20123

denying his motion because § 1B1.13, p.s., and its commentary do not apply to § 3582(c)(1)(A) motions brought by prisoners.

We review the district court's denial of Williams's § 3582(c)(1)(A) motion for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court abuses its discretion if it "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

Following the denial of Williams's motion, we held that a district court is not bound by § 1B1.13, p.s., in considering a § 3582(c)(1)(A) motion brought by a prisoner. *See United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021). Because the district court treated § 1B1.13, p.s., as binding and dispositive, it abused its discretion. *See id.* at 393; *Chambliss*, 948 F.3d at 693.

The denial of Williams's § 3582(c)(1)(A) motion is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.